UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

KATHLEEN L. LIEBAU,

        Plaintiff,

vs.

DYKEMA GOSSETT, PLLC, a
Michigan professional limited
liability company,

        Defendant.

Case No.
Hon.

_____/
Raymond J. Sterling (P34456)
Brian J. Farrar (P79404)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
rsterling@sterlingattorneys.com
bfarrar@sterlingattorneys.com
_____/

# COMPLAINT AND JURY DEMAND

Plaintiff Kathleen L. Liebau, by her attorneys Sterling Attorneys at Law, P.C., for her Complaint and Jury Demand submits the following:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for age discrimination in violation of the federal Age Discrimination in Employment Act, 29 USC 623(a) *et seq.* ("ADEA"), and

the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* ("Elliott-Larsen"), arising out defendant's termination of plaintiff.

2. Plaintiff is an individual residing in Washington, Michigan, within the Eastern District of Michigan.

3. Defendant Dykema Gossett, PLLC ("Dykema") is a Michigan professional limited liability company with its principal place of business in Detroit, Michigan, within the Eastern District of Michigan.

4. Defendant is an employer as defined by the ADEA, 29 USC 623(a), *et seq.,* and Elliott-Larsen, MCL 37.2101 *et seq.*

5. This Court has federal question jurisdiction under 28 USC 1331 because this action arises under the laws of the United States.

6. This Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC 1367(a).

7. Venue is proper in this district under 28 USC 1391(a)(2), (b)(1), and (b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district and plaintiff and defendant reside in this judicial district.

8. Plaintiff timely files this complaint within 90 days of receiving her EEOC right to sue notice dated May 11, 2021.

## GENERAL ALLEGATIONS

9. Plaintiff was born in 1965; she is 55 years old.

10. Defendant is a law firm with approximately 400 attorneys working in 5 states and the District of Colombia.

11. In February 1985, defendant hired plaintiff as a Legal Secretary in the firm's Detroit office.

12. Throughout her employment, plaintiff performed various duties including: Secretary, Administrative Assistant, Project Administrator, and Paralegal.

13. At all times plaintiff was a loyal and hardworking staff member in both the Detroit and Bloomfield Hills offices.

*Once plaintiff turned 50, her supervisors and colleagues began harassing and discriminating against plaintiff due to her age*

14. In October 2015, when plaintiff turned 50 years old, attorneys and co-workers covered plaintiff's work station with prescription pill bottles, adult diapers, and replaced plaintiff's desk chair with a wheelchair.

15. Plaintiff complained to her supervisor and Dykema's management about these discriminatory and ageist actions and requested the wheelchair be removed.

16. Dykema's management refused to remove the wheelchair from plaintiff's work station for approximately three and a half years.

17. Shortly after the humiliating birthday experience, plaintiff's direct supervisor and the attorney responsible for assigning plaintiff work, repeatedly began asking plaintiff when she was going to retire.

18. These individuals stated on several occasions that plaintiff had been working at the firm for over 30 years.

19. When plaintiff responded that she had no plans to retire and wanted to continue working, Dykema's discriminatory actions against plaintiff intensified.

20. Without reason or notice, plaintiff's supervisor demoted plaintiff.

21. When plaintiff asked why she was being demoted, the supervisor told her that her age was becoming a problem and she needed to "reinvent" herself.

22. Around the same time, plaintiff observed Dykema's management pressuring several other older co-workers to retire who, like plaintiff, had over 30 years of service.

23. In May 2019, plaintiff's supervisors falsely accused plaintiff of various performance issues and placed plaintiff on a 90-day Performance Improvement Plan.

24. This Performance Improvement Plan was unwarranted since plaintiff had done nothing wrong and was even performing better than others on her team.

4

25.     When plaintiff refused to retire, defendant terminated her in August 2019 – just shy of her 35-year work anniversary.

## COUNT I

## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

26.     Plaintiff incorporates the preceding paragraphs by reference.

27.     Plaintiff was qualified for her position.

28.     Defendant discriminated against plaintiff with respect to the terms, conditions, and privileges of employment due to its predisposition or intent to discriminate based on plaintiff's age.

29.     Age was one of the reasons that made a difference in defendant's decision to terminate plaintiff.

30.     Defendant treated younger employees more favorably than plaintiff.

31.     Defendant's alleged reason for terminating plaintiff was a pretext for age discrimination.

32.     Defendant willfully violated plaintiff's rights under the ADEA.

33.     Defendant's discrimination denied plaintiff the opportunity for continued employment and adversely affected her compensation, terms, conditions, and privileges of her employment.

34.     Plaintiff engaged in protected activity when she complained to defendant that her supervisors were discriminating against her due to her age.

35. Defendant retaliated against plaintiff after she complained of age discrimination.

36. As a direct and proximate result of defendant's conduct, plaintiff has suffered injuries and is entitled to:

    A. compensation for her loss of wages;

    B. compensation for loss of the value of fringe benefits:

    C. compensation based on her earning potential;

    D. liquidated damages;

    E. damages for embarrassment, humiliation, betrayal, pain and suffering, and mental anguish;

    F. other incidental and consequential damages, including attorney fees.

## COUNT II

### AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

37. Plaintiff incorporates the preceding paragraphs by reference.

38. Plaintiff was qualified for her position.

39. Defendant discriminated against plaintiff with respect to the terms, conditions, and privileges of employment due to its predisposition or intent to discriminate based on plaintiff's age.

40. Plaintiff's age was a factor in defendant's decision to fire her.

41. Defendant treated younger employees more favorably than plaintiff.

42. Defendant's alleged reason for terminating plaintiff was a pretext for age discrimination.

43. Defendant's discrimination denied plaintiff the opportunity for continued employment and adversely affected her compensation, terms, conditions, and privileges of employment in violation of the Elliott-Larsen Civil Rights Act.

44. Plaintiff engaged in protected activity when she complained to defendant that her supervisors were discriminating against her due to her age.

45. Defendant retaliated against plaintiff after she complained of age discrimination.

46. As a direct and proximate result of defendant's conduct, plaintiff has suffered injuries and is entitled to:

    A. compensation for her loss of wages;

    B. compensation for loss of the value of fringe benefits:

    C. compensation based on her earning potential;

    D. liquidated damages;

    E. damages for embarrassment, humiliation, betrayal, pain and suffering, and mental anguish;

    F. other incidental and consequential damages, including attorney fees.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment against defendant, in whatever amount plaintiff is found to be

entitled, together with reinstatement, punitive damages, interest as an element of damages, statutory interest, and attorney fees and costs.

## JURY DEMAND

Plaintiff Kathleen L. Liebau, by her attorneys Sterling Attorneys at Law, P.C., demands a trial by jury.

    Respectfully submitted,

    STERLING ATTORNEYS AT LAW, P.C.

    By: /s/Brian J. Farrar
        Raymond J. Sterling (P34456)
        Brian J. Farrar (P79404)
        Attorneys for Plaintiff
        33 Bloomfield Hills Pkwy., Ste. 250
        Bloomfield Hills, MI 48304
        (248) 644-1500

Dated: August 6, 2021