UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN L. LIEBAU,

    Plaintiff,                                             Case No: 21-cv-11823

v.                                                     Judge Shalina D. Kumar

DYKEMA GOSSETT, PLLC, a             Magistrate Judge David R. Grand
Michigan professional limited liability
company,

    Defendant.
_____/

| | |
|---|---|
| Raymond J. Sterling (P34456) | Elizabeth Hardy (P37426) |
| Brian J. Farrar (P79404) | David Porter (P76785) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Sterling Attorneys at Law, P.C. | Kienbaum Hardy Viviano Pelton |
| 33 Bloomfield Hills Pkwy. |  & Forrest, P.L.C. |
| Suite 250 | 280 N. Old Woodward Ave., Ste 400 |
| Bloomfield Hills, MI 48304 | Birmingham, MI 48009 |
| (248) 644-1500 | (248) 645-0000 |
| rsterling@sterlingattorneys.com | ehardy@khvpf.com |
| bfarrar@sterlingattorneys.com | dporter@khvpf.com |

_____/

**STIPULATED PROTECTIVE ORDER**
**CONCERNING CONFIDENTIAL DOCUMENTS OR INFORMATION**

Upon a showing of good cause in support of the entry of a protective order in accordance with Fed. R. Civ. P. 26(c) to control the discovery and dissemination of alleged CONFIDENTIAL or alleged proprietary information, it is hereby ordered as follows:

1. This Order shall apply to information designated as "CONFIDENTIAL" and shall include confidential or proprietary business information or information implicating common law or statutory privacy interests. For purposes of this Order, the following categories of documents and information generally will be considered confidential and subject to this Protective Order:

- confidential personnel information about partners and/or employees other than the Plaintiff, including but not limited to documents regarding job performance, compensation, personal data, medical information, and disciplinary action;

- confidential or proprietary business information, including but not limited to documents concerning compensation, business strategies or planning, workforce planning, clients, and other sensitive or competitive data; and

- medical or financial records of the Plaintiff.

2. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation for trial, trial, or other proceedings in the above-captioned case, and will not be used in any other litigation or disclosed to any print or broadcast media. This Protective Order is not intended to preclude any party from using its own confidential information for any purpose for which such information is normally used outside the confines of this litigation.

3. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    Plaintiff;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial, trial or other proceedings in this case;

    (e)    the Court and its employees;

    (f)    mediators, facilitators and case evaluators;

    (g)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (h)    third-party deponents or third-party witnesses; and

    (i)    other persons by written agreement of the parties.

4. All persons to whom Confidential Discovery Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order and informed that they are subject to the terms and conditions of this Order prior to disclosure.

5. Documents shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) either of

the following notices: "CONFIDENTIAL: THIS MATERIAL IS SUBJECT TO A PROTECTIVE ORDER" or "CONFIDENTIAL." The confidentiality of all Dykema Gossett clients shall be preserved by redacting all client names contained in CONFIDENTIAL documents and using pseudonym placeholders. The identity of each redacted client and the corresponding pseudonym shall be recorded in a document exchanged between the parties. That document shall be CONFIDENTIAL and shall not be filed with the Court except under seal. Documents may only be filed under seal by Court order after a motion pursuant to Local Rule 5.3.

6. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object to the designation of Confidential Information by giving written notice to the party designating the disputed information as Confidential Information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection, the party claiming the "Confidential" status of the Discovery Material shall bring the dispute before the Court within 7 days. In the event that such a

3

motion is made, any disputed Confidential Discovery Material shall remain subject to and protected by this Order until such motion is resolved. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the designated information to be treated as Confidential Information.

8. Confidential Information may be filed with the Court to the extent reasonably necessary to support motions or other matters related to the litigation if counsel for the filing party redacts either redacts all Confidential Information or files under seal. Documents may only be filed under seal by Court order after a motion pursuant to Local Rule 5.3.

9. In the event that either party receives a third-party subpoena or other form of legal process requesting Confidential Information in this case, the party receiving such request will provide the opposing party written notice that such a request was received as soon as possible (but no later than five days from receipt) and provide a copy of the request with the written notice.

10. At the conclusion of this case, unless other arrangements are mutually agreed upon by all counsel, each document and all copies thereof which have been designated as CONFIDENTIAL shall either be returned to the party designating them as CONFIDENTIAL within thirty (30) days of a written request or certify to

4

that the documents have been destroyed. However, the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to Confidential Discovery Material, with such papers remaining subject to the terms and conditions of this Order.

11. A party or counsel may not unilaterally modify any document so as to remove it from the protections of this Protective Order. Any document subject to this Protective Order when produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

12. This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.

13. This Protective Order is without prejudice to the right of either party to contest the admissibility, discoverability or privileged status of any document or information.

14. Within thirty (30) days after entry of this Order and subject to the procedures set forth in this Order, either party may designate as CONFIDENTIAL any documents or information produced prior to entry of this Protective Order, including materials produced at any time after the commencement of this case.

IT IS SO ORDERED.

                                                              s/Shalina D. Kumar
                                                              Honorable Shalina D. Kumar
                                                              U.S. DISTRICT JUDGE

Dated: March 10, 2022.

**Approved as to form:**

| | |
|---|---|
| Sterling Attorneys at Law, P.C. | Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. |
| /s/ *Brian J. Farrar (w/consent)* | /s/ *David Porter* |
| Raymond J. Sterling (P34456) | Elizabeth Hardy (P37426) |
| Brian J. Farrar (P79404) | David Porter (P76785) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 33 Bloomfield Hills Pkwy. | 280 N. Old Woodward Ave. |
| Suite 250 | Suite 400 |
| Bloomfield Hills, MI 48304 | Birmingham, MI 48009 |
| (248) 644-1500 | (248) 645-0000 |
| rsterling@sterlingattorneys.com | ehardy@khvpf.com |
| bfarrar@sterlingattorneys.com | dporter@khvpf.com |

Dated: March 10, 2022

441690