UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN L. LIEBAU,

    Plaintiff,

v.

DYKEMA GOSSETT, PLLC, a
Michigan professional limited
liability company,

    Defendant.

Case No: 21-cv-11823

Judge Shalina D. Kumar

Magistrate Judge David R. Grand

_____/

| | |
|---|---|
| Raymond J. Sterling (P34456)<br>Brian J. Farrar (P79404)<br>Attorneys for Plaintiff<br>Sterling Attorneys at Law, P.C.<br>33 Bloomfield Hills Pkwy.<br>Suite 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>rsterling@sterlingattorneys.com<br>bfarrar@sterlingattorneys.com | KIENBAUM HARDY VIVIANO<br> PELTON & FORREST, P.L.C.<br>By: Elizabeth Hardy (P37426)<br>     David A. Porter (P76785)<br>Attorneys for Defendant<br>280 N. Old Woodward Ave., Ste 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>dporter@khvpf.com |

_____/

**Defendant's Motion For Protective Order**

Defendant Dykema Gossett moves the Court for an Order requiring Plaintiff Kathleen Liebau to return all of Defendant's documents in her possession which she obtained from Defendant through illicit means and preventing her from using such documents for any purpose during this litigation. In support of its motion, Defendant relies on its accompanying brief and the attached exhibits.

In a series of emails beginning on May 26, 2022, Defendant's counsel sought concurrence in this motion from Plaintiff's counsel, explaining the nature of the motion and its legal basis. Plaintiff's counsel did not concur in the full relief requested, necessitating this motion.

                                                KIENBAUM HARDY VIVIANO
                                                PELTON & FORREST, P.L.C.

                                                By: */s/ Elizabeth Hardy*
                                                        Elizabeth Hardy (P37426)
                                                        David Porter (P76785)
                                                Attorneys for Defendant
                                                280 N. Old Woodward Ave., Suite 400
                                                Birmingham, MI  48009
                                                (248) 645-0000
                                                ehardy@khvpf.com
Dated: June 14, 2022                  dporter@khvpf.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KATHLEEN L. LIEBAU,

    Plaintiff,

v.

DYKEMA GOSSETT, PLLC, a Michigan professional limited liability company,

    Defendant.

Case No: 21-cv-11823

Judge Shalina D. Kumar

Magistrate Judge David R. Grand

_____/

| | |
|---|---|
| Raymond J. Sterling (P34456) | KIENBAUM HARDY VIVIANO |
| Brian J. Farrar (P79404) | PELTON & FORREST, P.L.C. |
| Attorneys for Plaintiff | By: Elizabeth Hardy (P37426) |
| Sterling Attorneys at Law, P.C. |     David Porter (P76785) |
| 33 Bloomfield Hills Pkwy. | Attorneys for Defendant |
| Suite 250 | 280 N. Old Woodward Ave., Ste 400 |
| Bloomfield Hills, MI 48304 | Birmingham, MI 48009 |
| (248) 644-1500 | (248) 645-0000 |
| rsterling@sterlingattorneys.com | ehardy@khvpf.com |
| bfarrar@sterlingattorneys.com | dporter@khvpf.com |

_____/

**Brief in Support of Defendant's Motion
for Protective Order**

# Table of Contents

Table of Contents ................................................................................................. i

Index of Authorities ............................................................................................ ii

Issue Presented .................................................................................................. iii

Controlling or Most Appropriate Authority ..................................................... iv

Introduction ........................................................................................................ 1

Facts .................................................................................................................... 2

Argument ............................................................................................................ 5

    I.    This Court should stop Liebau from circumventing this Court's discovery process by relying on confidential and privileged documents she secretly took from Defendant. ............ 5

CONCLUSION ................................................................................................ 10

# Index of Authorities

**Cases**

*Cabotage v. Ohio Hosp. for Psychiatry*,
 No. 11-cv-50, 2012 WL 3064116 (S.D. Ohio July 27, 2012) ............. 9, 10

*In re Shell Oil Refinery*,
 143 F.R.D. 105 (E.D. La. 1992) ............................................................. 8

*Lofgren v Polaris Indus, Inc*,
 No. 16-cv-2811, 2018 WL 2009612 (MD Tenn, April 30,
 2018) ................................................................................................. 8, 9

*Niswander v. Cincinnati Ins. Co.*,
 529 F.3d 714 (6th Cir. 2008) ............................................................. 6, 8

*O'Day v. McDonnell Douglas Helicopter Co.*,
 79 F.3d 756 (9th Cir. 1996) ................................................................... 6

*Pillsbury, Madison & Sutro v. Shectman*,
 55 Cal. App. 4th 1279 (Cal. Ct. App. 1997) ........................................... 9

*Xyngular Corp. v. Schenkel*,
 200 F. Supp. 3d 1273 (D. Utah 2016) ................................................... 6

*Xyngular v. Schenkel*,
 890 F.3d 868 (10th Cir. 2018) ............................................................... 6

## Issue Presented

1. Litigants do not have a right to circumvent the normal discovery process by stealing a potential adversary's property simply because they believe the documents will support their claims or defenses. Before she was fired, Plaintiff secretly took confidential and privileged documents from Defendant that she intends to use to support her legal claims in this action. The question presented in this motion is:

    > Should this Court order Plaintiff to return or destroy all stolen documents and preclude her from relying on any documents that were not obtained through the normal discovery process?

## Controlling or Most Appropriate Authority

*Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714 (6th Cir. 2008)

*O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756 (9th Cir. 1996)

*Xyngular Corp. v. Schenkel*, 200 F. Supp. 3d 1273 (D. Utah 2016)

*Lofgren v. Polaris Indus., Inc.*, No. 16-cv-2811 (M.D. Tenn. Apr. 30, 2018)

## Introduction

Plaintiff Kathleen Liebau, a former administrative assistant at the law firm Dykema Gossett, took it upon herself to take confidential firm documents that did not belong to her, and that she did not have a right to take simply because she believed they might help prove her claims in this employment discrimination suit against Dykema. These documents include privileged communications relating to Liebau's legal disputes with the firm, as well as highly sensitive personnel information involving Dykema clients and other employees having no connection to Liebau or her job duties. Even as Liebau sought out counsel to represent her against the firm, she continued to convert confidential and privileged documents about her claim for personal use.

Liebau's conduct is highly improper and an egregious end-run around this Court's discovery process. Dykema moves for an Order requiring Liebau to return or destroy all documents that she obtained through illicit means and a certification that she has deleted or destroyed all copies she still has. Dykema also asks this Court to preclude Liebau from using in this litigation the confidential and privileged documents she took for purposes of advancing her litigation cause.

## Facts

Plaintiff Kathleen Liebau was an administrative assistant at the law firm Dykema Gossett. She was fired in August 2019 after a series of disciplinary notices addressing her work performance and interpersonal dealings with her managers, beginning in January 2018.

Soon after Dykema terminated Liebau's employment, it learned that Liebau had forwarded to her personal email account client-related emails and documents, which was a violation of firm policy. (See Ex. A, Dykema Standard Practice Manual Excerpts, pp. 173–74; Ex. C, Liebau Dep. II, pp. 157–58.) Dykema's General Counsel emailed Liebau and requested that she "immediately delete and purge all such emails/documents" and that she "not use such information for any reason." (Ex. D, Dykema-Liebau Document Corresp.) Liebau ignored the request. In her words, "I basically gave him the finger in my mind and deleted [his email] because I knew we were coming to a lawsuit." (Ex. C, Liebau Dep. II, p. 158.)

Several months later, during her deposition, Liebau admitted under oath that when Dykema began counseling her professionalism issues, she started removing documents from Dykema's system and

2

storing them on her personal computer. By her own admission, she did so in anticipation of this lawsuit. (Ex. B, Liebau Dep. I, pp. 29–30.) She also admitted she still had a significant number of documents in her garage belonging to Dykema that she failed to return in response to Dykema's General Counsel's letter and failed to produce when responding to Dykema's discovery requests. (*Id*. at 38.) After being reminded multiple times of her discovery obligations, Liebau finally – months later – supplemented her production, turning over copies of nearly 600 additional pages of hardcopy documents she had stored at her home, as well as an additional 366 files saved on her computer at home.

After extensive review of the supplemental production, Dykema discovered that many of the documents contained privileged and confidential information, something Liebau acknowledged by labeling a number of them "confidential" when submitting them—unredacted—to the EEOC. Specifically, Liebau accessed without permission Dykema's timekeeping and billing software program and removed billing records for other employees, again in anticipation of supporting forthcoming legal claims against Dykema. (Ex. C, Liebau Dep II, p. 160–61; *see also* Ex. E, Billing Records (redacted).) She also took a spreadsheet marked

3

"Privileged: Attorney-Client Work Product" containing highly confidential information about Dykema's legal strategy in numerous cases. (Ex. C, Liebau Dep II, p. 163; *see also* Ex. F, Work-Product Spreadsheet (redacted).) She had numerous other emails containing attorney-client privileged material. (*See* Pltf's Second Production, PLTF247–56, 260–61, 267, 271–73, 277–82, 285–88, 285–88, 292–96, 299–308, 327, 781–783, 794–800, 802–05, 808–12.) Finally, Liebau still has private email correspondence regarding case files in her personal possession, which she attached and produced to the EEOC. (*See* Ex. G, Email Corresp. (attachments 2–3, 6–12, 14–15, 18–19, & 22 to EEOC Charge); *see also* Pltf's Second Production, PLTF242–44, 259, 697–706, 712, 715, 722–754, 765, 768–80, 784–85, 787–89, 801, 806, 813–816.)[1] This last category of documents does not contain attorney-client

---

[1] To avoid any doubt about which documents are the subject of this motion, Dykema has attached in redacted form the Work-Product Spreadsheet, the Billing Records, and some of the Email Correspondence as Exhibits E, F, and G because Liebau did not bates-label these documents. The remaining documents at issue in this motion containing highly sensitive client information or attorney-client privileged material that are identifiable by bates number from Plaintiff's supplemental production will not be attached to this motion but referenced only by bates number.

4

privileged information but does contain sensitive business information pertaining to Dykema's clients that Liebau had no entitlement to. (*Id.*)

After the review, defense counsel renewed Dykema's demand that Liebau destroy all copies of documents taken from Dykema and agree to not rely on the stolen documents during this litigation. That eminently reasonable offer to resolve this issue has been rejected by Liebau. While Liebau agreed, through negotiations, to destroy documents having nothing to do with her case (*i.e.*, documents she sent to herself during her employment that related to work assignments she claims she completed at home), she has refused to destroy or return documents that are privileged, work-product protected, or client-sensitive if she considers them supportive of her claims against Dykema. (See Ex. H, Porter-Farrar Corresp.)[2]

Because Liebau intends to keep, and use in this litigation, documents that she improperly took from Dykema outside the normal

---

[2] Some of the other client-sensitive email correspondence produced to the EEOC by Liebau was independently produced by Dykema during discovery in this litigation, albeit in redacted form in accordance with the parties' stipulated protective order. (*See* ECF 10.) Dykema did not demand that Liebau agree not to rely on those documents, but it did ask that she rely on the redacted versions produced by Dykema. Liebau agreed. Those documents are not at issue here.

5

discovery process, Dykema now asks this Court to enter a protective order requiring their return or destruction and prohibiting her from relying on them in this suit.

### Argument

**I. This Court should stop Liebau from circumventing this Court's discovery process by relying on confidential and privileged documents she secretly took from Defendant.**

Courts rely on the rule of law to provide a fair and reliable forum for resolving legal disputes, thereby eliminating the need for individuals to resort to self-help to resolve their differences. For that reason, "[p]arties anticipating litigation may not engage in self-help by improperly gathering a potential adversary's property." *Xyngular Corp. v. Schenkel*, 200 F. Supp. 3d 1273 (D. Utah 2016), aff'd sub nom. *Xyngular v. Schenkel*, 890 F.3d 868 (10th Cir. 2018). Such conduct "amounts to an end-run around the Federal Rules of Civil Procedure, including the rules governing discovery and the orderly exchange of information relevant to the disputes presented for resolution in [the] courts." *Id.* at 1317.

Employment discrimination cases are no exception. It is well settled that filing an employment discrimination lawsuit does not give an individual special privilege to take their employer's confidential

6

information and documents. Quite simply, removing confidential documents without the company's permission is "stealing." See *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761 (9th Cir. 1996); *accord Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 727 (6th Cir. 2008) (anti-discrimination statutes do not provide plaintiff with "a license to flaunt company rules or an invitation to dishonest behavior").

By her own admission, that is what Liebau did here. She admitted to taking documents from Dykema's system as of January 2018, roughly eighteen months before she was terminated. Specifically, Liebau accessed and printed out for her personal use firm billing records concerning herself and two other employees. (Ex. C, Liebau Dep II, p. 160–61; *see also* Ex. E, Billing Records (redacted).) She also took a spreadsheet marked "Privileged: Attorney-Client Work Product" containing confidential information about Dykema's legal strategy in numerous cases. (Ex. C, Liebau Dep II, p. 163; *see also* Ex. F, Work-Product Spreadsheet (redacted).) She kept numerous attorney-client privileged emails. (*See* Pltf's Second Production, PLTF247–56, 260–61, 267, 271–73, 277–82, 285–88, 285–88, 292–96, 299–308, 327, 781–783, 794–800, 802–05, 808–12.) Lastly, she kept private email correspondence

7

containing sensitive Dykema client information, disclosure of which Dykema had a right to control. (*See* Ex. G, Email Corresp.; *see also* Pltf's Second Production, PLTF242–44, 259, 697–706, 712, 715, 722–754, 765, 768–80, 784–85, 787–89, 801, 806, 813–816.)

These documents had nothing to do with her job duties; she made copies and kept them merely because she believed they supported her claims of wrongdoing in this lawsuit. (Ex. C, Liebau Dep II, p. 161.) Despite knowing she had no authorization to take these documents, she did so because she believed she "ha[d] a right to defend [her]self." (*Id.* at 158.) Instead of waiting to use the discovery process as a valid means of obtaining information relevant to her forthcoming case, Liebau chose to circumvent the process altogether and help herself to highly sensitive documents belonging exclusively to Dykema. She was also reminded of her obligation to return firm property by its General Counsel yet refused to do so. In her own words, she reacted to the General Counsel's request with "the finger" because she knew she was filing this suit. (*Id.*) Her conduct was highly improper. *Niswander,* 529 F.3d at 727. Liebau also had numerous opportunities to rectify her improper conduct and avoid this motion but has consistently refused to do so.

At a minimum, Liebau should be ordered to return or destroy all documents and copies of documents she illicitly took. Although she has agreed to do so for documents having nothing to do with this case, she has refused to do so for documents she believes are relevant to her claims.

As a non-monetary sanction for her misconduct, Liebau should also be prohibited from relying on any documents that she took illicitly to support her case. The power to order such relief is distinctly within the Court's inherent authority to administer the resolution of disputes. *See Lofgren v Polaris Indus, Inc*, No. 16-cv-2811, 2018 WL 2009612, at *5 (MD Tenn, April 30, 2018) ("Courts possess the authority to enter protective orders limiting the use of documents obtained outside of the normal discovery process.") (collecting cases). The rationale is straightforward: courts are rightly "concerned with preserving the integrity of this judicial proceeding." *In re Shell Oil Refinery*, 143 F.R.D. 105, 108–09 (E.D. La. 1992). "[P]rohibiting the [wrongdoer] from making any use of the documents" preserves the integrity of the judicial proceeding because it prevents litigants from resorting to self-help outside this Court's discovery process, *id.*, and "return[s] [the parties] to the status quo existing at the time the documents were taken," *Pillsbury,*

9

*Madison & Sutro v. Shectman*, 55 Cal. App. 4th 1279; 1289 (Cal. Ct. App. 1997).

The exercise of this power is especially important here because "the information at issue is sensitive, is potentially subject to a privilege, or has limited relevance to the action at hand." *Lofgren, Inc.*, 2018 WL 2009612, at *5. In *Cabotage v. Ohio Hosp. for Psychiatry, LLC*, for example, a disgruntled hospital employee "became concerned that the Medical Director was engaged in fraudulent and illegal activities," prompting her to take home documents containing sensitive and confidential patient information. No. 11-cv-50, 2012 WL 3064116, at *1 (S.D. Ohio July 27, 2012). She did so to bolster her forthcoming legal claims against her employer. *Id*. The court exercised its inherent authority to preclude the plaintiff from utilizing any of the documents that she removed from the hospital because of "the sensitive and possibly privileged nature of these documents and their limited relevance to the [case]." *Id*. at *4. Like in *Cabotage*, Liebau should be precluded from using the documents at issue for any purpose in this litigation, especially considering that she had no right to help herself to them in the first place.

10

## CONCLUSION

For the foregoing reasons, Defendant asks that this Court order Liebau to return or destroy all documents that are attached (in redacted form) as Exhibits E, F, and G to his motion, as well as those produced by Plaintiff at PLFT242–44, 247–56, 259–61, 267, 271–73, 277–82, 285–88, 285–88, 292–96, 299–308, 327, 697–706, 712, 715, 722–754, 765, 768–85, 787–89, 794–80–06, 808–16. Defendants also request that this Court preclude Liebau from using these identified documents for any purpose in this litigation.

                                          Respectfully submitted,

                                          KIENBAUM HARDY VIVIANO
                                             PELTON & FORREST, P.L.C.

                                          By: */s/ Elizabeth Hardy*
                                               Elizabeth Hardy (P37426)
                                             David Porter (P76785)
                                          Attorneys for Defendant
                                         280 N. Old Woodward Ave., Suite 400
                                         Birmingham, MI  48009
                                         (248) 645-0000
                                         ehardy@khvpf.com
Dated:  June 14, 2022          dporter@khvpf.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Elizabeth Hardy*
Elizabeth Hardy (P37426)
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com

450150