UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KATHLEEN L. LIEBAU,

        Plaintiff,

vs.

DYKEMA GOSSETT, PLLC, a
Michigan professional limited
liability company,

        Defendant.

Case No. 21-cv-11823
Hon. Shalina D. Kumar
Magistrate Judge David R. Grand

_____/

| | |
|---|---|
| Raymond J. Sterling (P34456) | Elizabeth Hardy (P37426) |
| Brian J. Farrar (P79404) | David Porter (P76785) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| STERLING ATTORNEYS AT LAW, P.C. | KIENBAUM HARDY VIVIANO PELTON |
| 33 Bloomfield Hills Pkwy., Ste. 250 |  & FORREST, P.L.C. |
| Bloomfield Hills, MI 48304 | 280 N. Old Woodward Ave., Ste. 400 |
| (248) 644-1500 | Birmingham, MI 48009 |
| rsterling@sterlingattorneys.com | (248) 645-0000 |
| bfarrar@sterlingattorneys.com | ehardy@khvpf.com |
| | dporter@khvpf.com |

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

## COUNTER STATEMENT OF ISSUES PRESENTED

1. Whether plaintiff engaged in protected activity when she copied limited documents from her employer that supported her claims of discrimination and retaliation, and provided them to the EEOC?

   Plaintiff answers: Yes
   Defendant answers: No
   The Court should answer: Yes

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Niswander v Cincinnati Ins Co*, 529 F3d 714 (6th Cir 2008)

## TABLE OF CONTENTS

COUNTER STATEMENT OF ISSUES ........................................................... i

CONTROLLING OR MOST APPROPRIATE AUTHORITY .................... ii

INDEX OF AUTHORITIES ........................................................................ iv

INTRODUCTION ......................................................................................... 1

PERTINENT FACTS .................................................................................... 2

LAW AND ARGUMENT .............................................................................. 4

    I.    Plaintiff's limited copying and removal of documents supportive of her discrimination and retaliation claims was protected activity ................................................................................ 4

        1. Plaintiff properly accessed the all of the documents in question .................................................................................. 5
        2. Plaintiff only provided the copied documents to the EEOC, her attorney, and Dykema's attorneys ......................... 6
        3. The documents plaintiff copied are clearly relevant to her claims ........................................................................................ 7
        4. Plaintiff only produced these documents to further the EEOC's investigation into Dykema, and in response to Dykema's discovery requests .................................................. 8
        5. Dykema's privacy policy permitted plaintiff to remove documents related to her work ............................................... 8
        6. Plaintiff has at all times maintained confidentiality of the documents ........................................................................... 9

    II.    Dykema has zero evidence it suffered any prejudice as a result of plaintiff's actions ................................................................... 10

CONCLUSION ............................................................................................ 11

# INDEX OF AUTHORITIES

## Case Law

*Cabotage v Ohio Hosp for Psychiatry, LLC,* 2012 WL 3064116, at *1
  (SD Ohio July 27, 2012) .................................................................................. 7
*Erhart v BofI Holding, Inc,* 387 F Supp 3d 1046 (SD Cal, 2019) ......................... 9
*Kempcke v Monsanto Co,* 132 F3d 442 (8th Cir 1998) ......................................... 6
*Kwik-Sew Pattern Co, Inc v Gendron,* 2008 WL 8178683,
  at *1 (WD Mich, Sep 25, 2008) .................................................................... 11
*Lofgren v Polaris Indus, Inc,* 2018 WL 2009612, at *5
  (MD Tenn, Apr 30, 2018) ............................................................................. 10
*Niswander v Cincinnati Ins Co,* 529 F3d 714, 725-726 (6th Cir 2008) .......... 4, 7, 10
*O'Day v McDonnell Douglas Helicopter Co,* 79 F3d 756 (9th Cir 1996) ................ 6
*Vaughn v Epworth Villa,* 537 F3d 1147 (10th Cir 2008) ........................................ 6

## Statutes, Court Rules, Misc.

29 USC 621 ............................................................................................................ 2
MCL 37.2101 ......................................................................................................... 2

## INTRODUCTION

Feigning outrage over documents it has long-known plaintiff has made copies of to support her claims, defendant Dykema Gossett PLLC ("Dykema") filed the instant motion seeking to preclude plaintiff's use of these highly-relevant documents. Specifically, Dykema seeks the "return all of Defendant's documents in her possession which she obtained from Defendant through illicit means and preventing her from using such documents for any purpose during this litigation" (Def's motion, ECF 13, p 2). However, Dykema's motion is premised on two falsehoods. Number one, plaintiff never obtained any documents "through illicit means." To the contrary, all of the documents in question plaintiff was permitted to access and obtain through her employment, and she did so in the normal course of her duties. Number two, plaintiff's direct supervisors knew plaintiff had compiled these documents to support her claims of discrimination back in 2019 (while plaintiff was still employed) and never raised any concern. Nor did the supervisors ever tell plaintiff she could not possess these documents. There was nothing "secretive" about plaintiff's actions as Dykema now alleges.

As more fully explained below, this Court should deny defendant's motion for a protective order.

1

## PERTINANT FACTS

This is an action for age discrimination pursuant to the federal Age Discrimination in Employment Act of 1967, 29 USC 621, *et seq*. and Age Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws 37.2101, *et seq*.

Plaintiff worked for Dykema for nearly 35 years, performing various duties including: Secretary, Administrative Assistant, Project Administrator, and Paralegal. Throughout most of her employment, plaintiff's supervisors and the attorneys she worked with encouraged her to take work home, even if that meant removing documents that could be considered confidential or subject to attorney-client privilege (**EX A**, Liebau Decl, ¶ 4). In fact, someone from the firm's technical support staff even told her it was better to email documents to her personal email address rather than put them on a flash drive because it is less likely they would get lost (*id* ¶ 5).

While plaintiff was working at Dykema, she witnessed numerous occasions in which a colleague took firm documents home, or forwarded firm communications to a personal email address, and she never saw anyone disciplined for this (*id* ¶ 6).

In October 2015, when plaintiff turned 50 years old, her supervisor covered plaintiff's desk with prescription pill bottles, adult diapers, and replaced plaintiff's desk chair with a wheelchair. For three and a half years after, the

2

wheelchair sat next to plaintiff's desk as a constant reminder of the fact she was perceived as "old" by her supervisor and colleagues.

In 2018, when plaintiff rebuffed Dykema's pressure to retire, her supervisors began subjecting plaintiff to unwarranted criticism of her performance. To counter the supervisor's false accusations, plaintiff began saving emails and other records that refuted the false claims against her (*id* ¶ 7). Plaintiff compiled these communications and documents so that she could review them with her supervisors during her performance reviews, and use them to help her supervisors understand why their allegations concerning plaintiff's performance were false (*id* ¶ 8).

In fact, during her 2019 performance review, ***plaintiff told both of her supervisors that she had compiled the emails, billing records, and other documents Dykema now claims she unlawfully took***, but the supervisors refused to engage in a discussion with plaintiff about them (*id* ¶ 9). Neither supervisor, nor anyone else at Dykema, ever told plaintiff during her employment that she could not possess those documents (*id* ¶ 10).

After Dykema wrongfully terminated plaintiff in August 2019, plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (*id* ¶ 16). The EEOC investigator assigned to plaintiff's case told plaintiff she had to send the EEOC all her evidence supporting plaintiff's discrimination claims (*id* ¶ 17). Plaintiff complied and marked the

3

documents in question "Confidential" (*id* ¶ 18). After sending them to the EEOC, plaintiff also forwarded the documents to her attorney, who later produced them to Dykema's attorney during this litigation (*id* ¶¶ 19-20). Other than sending these documents to the EEOC, to her attorney, and to attorneys representing Dykema, plaintiff has not shared or disclosed them to anyone else (*id* ¶ 21).

LAW AND ARGUMENT

I.  **Plaintiff's limited copying and removal of documents supportive of her discrimination and retaliation claims was protected activity.**

This is not the first time an employee has kept copies of confidential documents in support of a potential claim. The Sixth Circuit has developed a six-part balancing test to determine "whether the employee's dissemination of confidential documents was reasonable under the circumstances." *Niswander v Cincinnati Ins Co*, 529 F3d 714, 725-726 (6th Cir 2008). When determining whether an employee's actions were reasonable and protected, courts must consider:

> (1) how the documents were obtained, (2) to whom the documents were produced, (3) the content of the documents, both in terms of the need to keep the information confidential and its relevance to the employee's claim of unlawful conduct, (4) why the documents were produced, including whether the production was in direct response to a discovery request, (5) the scope of the employer's privacy policy, and (6) the ability of the employee to preserve the evidence in a manner that does not violate the employer's privacy policy.

4

*Id*. Each of these factors weighs in favor of plaintiff.

### 1. Plaintiff properly accessed the all of the documents in question.

The documents Dykema now seeks to preclude fall into three categories: time/billing records (Exhibit E to Def's motion); case evaluations (Exhibit F to Def's motion); and emails between plaintiff and Dykema employees (Exhibit G to Def's motion). Dykema cannot show that plaintiff obtained any of the documents through illicit means.

With respect to the time/billing records, every attorney, paralegal and administrative assistant at Dykema had access to those records (**EX A**, ¶ 11). Plaintiff even received training on how to access time/billing records and Dykema installed a shortcut on her office computer to make it easier for her to access them (*id*, ¶¶ 12-13). Plaintiff was at times responsible for keeping track of not only her own time, but the time for other billers on her team to make sure they stayed under budget (*id*, ¶ 14). This necessitated her looking-up time and billing records for herself and others on the team to see how much each person is billing a client (*id*, ¶¶ 15).

These time/billing records at issue in this motion show that plaintiff was actually working more efficiently than others on her team – yet, it was plaintiff that Dykema accused of being slow. To disprove the false allegations against her, ***plaintiff made copies of these time/billing records for purposes to discussing them with her supervisors*** (*id* ¶ 8).

5

The case evaluations plaintiff copied were ones that she was directly responsible for creating, modifying, or reviewing, and the emails were those in which she was a party to the communication (*id*, ¶ 22). Contrast plaintiff's actions with the employee's actions in *O'Day v McDonnell Douglas Helicopter Co,* which Dykema cites in its motion. In *O'Day,* the employee accessed documents by deceitful means that he clearly had no right access. *O'Day v McDonnell Douglas Helicopter Co*, 79 F3d 756, 761 (9th Cir 1996) (holding that an employee did not engage in protected activity when he rummaged through his supervisor's office for confidential documents and then showed them to a co-worker). Unlike *O'Day*, plaintiff in the instant matter only copied documents she had a right to view and access in the normal course of business. She never broke into anyone's office or used false pretenses.

2. **Plaintiff only provided the copied documents to the EEOC, her attorney, and Dykema's attorneys.**

Also, unlike the employee in *O'Day*, plaintiff here did not share the documents with a co-worker or anyone other than to the EEOC, her attorney, and attorney's representing Dykema (**EX A**, ¶ 21). See *Vaughn v Epworth Villa*, 537 F3d 1147, 1152 (10th Cir 2008) (an employee engaged in a "protected activity" when she submitted confidential medical records she obtained through her employment to the EEOC); *Kempcke v Monsanto Co*, 132 F3d 442, 445 (8th Cir 1998) (providing documents to an attorney "is clearly protected activity …

6

because it placed documents that might evidence discrimination in the hands of a legal professional who would litigate the issue on [employee]'s behalf").

### 3. The documents plaintiff copied are clearly relevant to her claims.

Every document plaintiff copied, or email that she forwarded to herself, directly contradicts a false allegation made by her supervisors concerning plaintiff's performance. This is not a situation where plaintiff copied large swaths of data that had nothing to do with her or her complaints of discrimination.

In *Niswander,* the plaintiff violated company policy by disclosing irrelevant, confidential documents in the course of a class-action lawsuit. But the Court went on to hold "[o]ur analysis would be different if the documents that [employee] had given to her lawyers … had reasonably supported her claim of gender-based pay discrimination—or if she reasonably believed that they did." *Niswander*, 529 F3d at 722. In other words, had the documents in question in *Niswander* been relevant to the employee's discrimination claims, the employee's actions would likely have been justifiable.

Dykema also relies on *Cabotage v Ohio Hosp for Psychiatry, LLC,* in which the court precluded the plaintiff from utilizing any sensitive documents that she removed from her employer. 2012 WL 3064116, at *1 (SD Ohio July 27, 2012). However, of importance to the court's holding was the documents

7

"limited relevance to the [case]." *Id* at *4. Here, Dykema does not even argue that the documents it is seeking to preclude are not relevant to plaintiff's claims.

Since all of plaintiff's documents relate specifically to her claims of discrimination, or at the very least since plaintiff reasonably believed they relate to her claims, this factor also weighs in favor of plaintiff.

4. **Plaintiff only produced these documents to further the EEOC's investigation into Dykema, and in response to Dykema's discovery requests.**

As explained above, plaintiff made very limited disclosure of these documents. Plaintiff only provided the documents in question to the EEOC in response to a request from the EEOC investigator that plaintiff send her all her evidence of discrimination (**EX A**, ¶ 17). Thereafter, when Dykema requested copies of all the documents plaintiff provided to the EEOC, plaintiff in turn produced everything she gave them (*id* ¶ 20). Moreover, it is important to remember that plaintiff had originally copied these documents to review with her supervisors. It was only when the supervisors refused to discuss them with plaintiff and proceeded to fire her, that plaintiff gave them to the EEOC pursuant to a request.

5. **Dykema's privacy policy permitted plaintiff to remove documents related to her work.**

As a Dykema employee, plaintiff's supervisors and the attorneys she worked with encouraged her to take work home, even if that meant removing

8

documents that could be considered confidential or subject to attorney-client privilege, or emailing files to her personal email address (*id*, ¶¶ 4-5). In fact, Dykema's Standard Practice Manual (attached to its motion as Exhibit A), even permits work from home.

Like any law firm, Dykema obviously has a broad privacy policy to protect confidentiality and attorney-client privilege. However, since practically every communication in a law firm setting could be arguably "confidential" or "privileged," if Dykema's policy was interpreted as being so broad so as to prevent *any* removal of documentation from the office, then no attorney, paralegal, or support personnel would ever be able to work remotely. In other words, it would contradict its work-from-home policy.

Since plaintiff had lawful access to the documents in question, and since plaintiff was encouraged to take work home, there is no evidence plaintiff violated Dykema's privacy policy. In any event, even if the copying of these documents was found to be a technical violation of some internal policy, employer confidentiality agreements do not supersede federal whistleblower rights. See *Erhart v BofI Holding, Inc*, 387 F Supp 3d 1046, 1053 (SD Cal, 2019).

**6.     Plaintiff has at all times maintained confidentiality of the documents.**

Other than to her attorney and to Dykema's attorneys, plaintiff has only disclosed the documents in question to the EEOC. When doing so, she even

9

marked them as "Confidential" (*id* ¶ 18).

It was also reasonable for her to assume the EEOC would safe-guard these documents because according to its website "EEOC employees are subject to strict confidentiality requirements by law" (see www.eeoc.gov/confidentiality). Additionally, there is also a Protective Order already in place in this matter that governs how confidential documents are to be maintained and used during the course of this litigation and beyond. Plaintiff has and will continue to comply with that Protective Order. Thus, the sixth and final factor also weighs in favor of plaintiff.

## II. Dykema has zero evidence it suffered any prejudice as a result of plaintiff's actions.

As explained above, plaintiff's actions were reasonable under the six-factor *Niswander* test, and thus, constituted protected activity. That should end the inquiry right there. However, even if this Court finds plaintiff's actions were not reasonable, that does not automatically entitle Dykema to the relief it seeks.

While courts certainly have the authority to preclude evidence a party improperly obtains, there must still be a finding of prejudice to the other party. *Lofgren v Polaris Indus, Inc*, 2018 WL 2009612, at *5 (MD Tenn, Apr 30, 2018). In *Lofgren*, which Dykema cites in its brief, the court granted the plaintiff's motion to preclude only after finding the "use of the document in this case's ongoing discovery is likely to prejudice Plaintiff." *Id.*

10

Here, Dykema's motion is devoid of any argument it suffered prejudice as a result of plaintiff's actions. Even if plaintiff should not have copied the documents and provided them to the EEOC, Dykema has suffered no harm. Dykema argues the documents in question are "sensitive" but fails to explain how they are any more sensitive than the other documents Dykema has already produced in this litigation. Defendant also argues the documents plaintiff copied are "potentially subject to a privilege," but does not explain what privilege that may be, or why the Protective Order already in place is insufficient to protect those documents. To the extent defendant is claiming attorney-client privilege over its billing records, privilege claim has been rejected by courts in this Circuit. *Kwik-Sew Pattern Co, Inc v Gendron*, 2008 WL 8178683, at *1 (WD Mich, Sep 25, 2008) (attorney billing records are generally not protected by the attorney-client privilege) (collecting cases).

Dykema's vague assertions of "privilege" are insufficient to justify the extraordinary relief Dykema seeks in preventing plaintiff from using critical evidence in support of her claims. Absent any showing of harm, an order precluding plaintiff from relying on these highly relevant documents would be unfairly harsh.

## CONCLUSION

In its brief, Dykema presents an incomplete picture of what really happened here. Plaintiff never acted deceitfully. In fact, she made her

11

supervisors aware of the documents she had in her possession and her reasons for taking them. Nobody objected until Dykema fired her several months later. Plaintiff also never accessed or copied documents or communications that she was not entitled to view. Punishing plaintiff under these circumstances by preventing her from using evidence she has gathered that support her claims of discrimination and retaliation would be an injustice. For these reasons, the Court should deny defendant's motion for a protective order.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Brian J. Farrar
Brian J. Farrar (P79404)
Attorney for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

**PROOF OF SERVICE**

I certify that on June 28, 2022, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to David Porter, Esq.

/s/Brian J. Farrar
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com