UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KATHLEEN L. LIEBAU,

Plaintiff,

v.

DYKEMA GOSSETT, PLLC, a Michigan professional limited liability company,

Defendant.

Case No: 21-cv-11823

Judge Shalina D. Kumar

Magistrate Judge David R. Grand

______________________________________________________________/

STERLING ATTORNEYS AT LAW, P.C.
By: Raymond J. Sterling (P34456)
Brian J. Farrar (P79404)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste 250
Bloomfield Hills, MI 48304
(248) 644-1500
rsterling@sterlingattorneys.com
bfarrar@sterlingattorneys.com

KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C.
By: Elizabeth Hardy (P37426)
David Porter (P76785)
Attorneys for Defendant
280 N. Old Woodward Ave., Ste 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

______________________________________________________________/

**Defendant's Reply in Support of Its Motion For Protective Order**

## ARGUMENT

Kathy Liebau unabashedly went around this Court's normal discovery channels and took highly sensitive information belonging to Dykema and its clients solely for her own gain. Her actions—and her unrepentant, remorseless, and cavalier attitude in defending them—are deeply troubling, especially for someone who sees herself as a paralegal. In resorting to self-help, Liebau sidestepped a process that both ensures each party has access to relevant information and provides an impartial, rules-based forum for resolving discovery disputes. Allowing Liebau to use the stolen documents to her (perceived) advantage will reward her might-makes-right misconduct.

### I. Liebau's response misses the point.

Liebau's entire response stems from a faulty premise. Her opposition to Dykema's requested relief relies on the six-part test from *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714 (6th Cir. 2008). But that test has nothing to do with the relief Dykema seeks here. The question the *Niswander* test answers is whether an employee's document theft constitutes "protected activity" for purposes of a retaliation suit. *Id.* at 716. Dykema did not fire Liebau for stealing documents, and Liebau has

never suggested her firing was retaliation for document theft. Thus, whether her conduct constitutes "protected activity" is beside the point.

The important takeaway from *Niswander*, which Liebau failed to grasp, is that anti-discrimination statutes do not provide plaintiffs with "a license to flaunt company rules or an invitation to dishonest behavior." *Id.* at 727. Liebau knew when she took and kept these documents that she intended to sue Dykema. But that does not give her the right to take Dykema's property to support her allegations. She, like all other litigants, must follow the rules of civil discovery. *See Xyngular Corp. v. Schenkel*, 200 F. Supp. 3d 1273 (D. Utah 2016) ("Parties anticipating litigation may not engage in self-help by improperly gathering a potential adversary's property.")

Liebau's failure to respond to the crux of Dykema's motion is reason enough to disregard the substance of Liebau's response. But there are other aspects of the response that warrant brief rebuttal.

## II. Liebau had no right to take Dykema's documents without its knowledge or permission.

The central message of Liebau's response is that she did nothing wrong. She claims, for example, that she did not obtain the documents "illicitly" because she had access to them as part of her job responsibilities

and Dykema knew she was taking the documents. (Response, ECF No. 14, PageID.207–08.) But Dykema provided her access to sensitive client –information solely to perform her work duties, not to further her own interests. And by Liebau's own admission, she took the documents at issue for the latter reason. (Mot. Ex. B, Liebau Dep. I, pp. 29–30.) She did not, for instance, access and print the billing records at issue because it was part of her work duties. Nor did she retain the work product spreadsheet and sensitive email correspondence because it was part of her work duties. She did all of that because she believed it would help her in a lawsuit against her employer. (*Id.*) She exploited the trust that Dykema placed in her for personal gain.

Liebau's suggestion that Dykema knew about Liebau's actions is, at best, misleading. First, her reference to the practice of Dykema employees taking documents to complete work assignments at home is irrelevant. The documents here do not meet that description.[1] Again, at issue are documents that Liebau took only for supporting her claim of age

[1] Liebau produced many work-related documents that she still had in her possession, which are not at issue in this motion because Liebau has already agreed to return destroy them (because she did not take them believing they supported her legal claims).

discrimination. Liebau did not access or keep those documents as part of her job responsibilities.

Second, the claim that she told her (unidentified) "supervisors" (at some unidentified time and place) that she compiled documentation to support her view of her performance misses the critical point: she had no right to take and keep them after Dykema fired her. (*Cf*. Liebau Aff., ECF No. 14-1, PageID.216 ¶ 3.) When Dykema learned that Liebau still had a tranche of stolen documents *after* it fired her, its General Counsel immediately requested that she return or destroy the documents. She responded with the "finger," to use Liebau's term, because she knew she was suing Dykema. (Mot. Ex. C, Liebau Dep. II, p. 158.). That is precisely the kind of resort to self-help that the authorities cited in Dykema's motion condemn.

## III. By resorting to self-help, Liebau forfeited her right to challenge Dykema's assertions of privilege and prejudice.

Liebau also questions whether some of the documents in question are privileged and whether Dykema would be prejudiced without a protective order. First, Liebau has no right to determine for herself whether one of Dykema's documents is privileged, confidential, or otherwise protected from disclosure. Litigants are required to use the

normal channels of discovery to obtain documents in the other party's possession because it gives the other party a chance to litigate assertions of privilege in an orderly fashion. Liebau, who tried to short circuit that process by unapologetically taking them without permission, has no basis to now question Dykema's assertion of privilege and work-product protection.[2] She forfeited that right when she resorted to self-help.

Second, and in any event, Liebau is wrong that the documents are subject to disclosure. She suggests, for example, that courts in this Circuit have held that billing records are not subject to attorney-client protection. But many cases from this Court recognize that billing records may contain information protected by the attorney-client privilege. *See Luxury Limousine, Inc v Natl Indem Co*, No. 19-cv-10893, 2020 WL 8459159, at *2 (ED Mich, December 2, 2020) (Grand, M.J.) (ruling that billing records containing descriptions of specific work performed by attorneys are covered by attorney-client privilege) (citing cases). The case Liebau cites, *Kwik-Sew Pattern Co, Inc v Gendron*, held only that a party

[2] Liebau requested billing records in her requests for production, but Dykema objected because they are protected by attorney-client privilege (and irrelevant). Liebau never challenged that assertion of privilege, either informally or through a motion to compel.

claiming protection "waives" the attorney-client privilege by relying on billing records to support a claim for attorney fees. No. 08-cv-309, 2008 WL 8178683, at *1 (WD Mich, September 25, 2008) (finding "persuasive" the rationale that a party making a claim for reasonable attorney fees waives any attorney-client privilege for billing statements). Waiver, of course, presupposes there is a privilege to waive.[3]

As for Liebau's suggestion that her actions have not prejudiced Dykema, that is patently incorrect. Dykema has already devoted substantial resources to claw back materials that Liebau should not have taken. And if Liebau relies on the documents in question, Dykema will be incurably prejudiced by the effective waiver of Dykema's clients' attorney-client privilege and work-product protection. The remaining documents include highly sensitive business information of Dykema's clients who rely on Dykema to preserve the confidentiality of their information. Liebau exploited that trust for her own gain. If she succeeds, it will have a reverberating effect on Dykema's client relationships.

[3] Dykema has not relied on these billing records in this case or otherwise waived their right to assert attorney-client privilege over the billing records or any other document Liebau took. Indeed, it is not Dykema's privilege to waive.

Liebau suffers no unfair prejudice granting Dykema's motion. Liebau had a full opportunity to seek these documents through the normal discovery channels but, rather than doing so, resorted to self-help. Liebau has no right to special treatment. All litigants, including her, must abide by same rules governing the exchange of documents. She has no basis to complain about perceived injustice when she chose to circumvent the justice system in the first place.

**CONCLUSION**

Defendant asks that this Court order Liebau to return or destroy all documents identified in the Conclusion Section of its motion and preclude her from using the documents for any purpose in this litigation.

Respectfully submitted,

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: */s/ Elizabeth Hardy*
Elizabeth Hardy (P37426)
David Porter (P76785)
Attorneys for Defendant
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

Dated: July 6, 2022

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Elizabeth Hardy*
Elizabeth Hardy (P37426)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com